IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLEN McRAE, #356276 | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. L-10-1132 |
| ROBERT MOORE, et al. | : | |
| Defendants | : | |

**MEMORANDUM**

The Court received this 42 U.S.C. § 1983 Complaint for miscellaneous relief involving a challenge to a cell search and the resulting adjustment infractions and disciplinary findings. Pending is Defendants' unopposed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, construed as a motion for summary judgment.[1] The Court will dispense with a hearing. See Local Rule 105.6. (D. Md. 2010). For the reasons stated below, the Court will, by separate Order, GRANT the Motion for Summary Judgment and dismiss the case.

**I. Background**

Glen McRae ("McRae") claims in his original and supplemental filings that on March 11, 2010, his cell at the Brock Bridge Correctional Facility ("BBCF") was searched without his presence and a shank allegedly was found in a tennis shoe under his bunk. ECF Nos. 1 and 3. McRae was cited with and found guilty of a rule infraction for possession of weapon. He alleges that he only has one pair of tennis shoes and he was wearing them the day of the cell search. McRae claims that he is innocent of the infractions and he appears to seek restoration of lost

---

[1] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on November 5, 2010, the Court notified McRae that: Defendant Filbert had filed a dispositive motion; he was entitled to file opposition materials; and his failure to file an opposition or to show a genuine dispute of material fact would result in the dismissal of his case. ECF No. 13. No responsive pleadings have been filed by McRae.

good-conduct days resulting from his time on segregation, transfer to the Maryland Pre-Release system, and placement in a school program.

   II.   **Defendant Filbert's Motion for Summary Judgment**

      A.   Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. Celotex, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In Wolff v. McDonnell, 418 U.S. 539, 563-573 (1974), where the inmate plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due-process protections in a prison disciplinary proceeding. The high court indicated that while "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply," minimum procedural due process must be provided. Id. at 566. Wolff set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3)

an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; [2] (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. at 563-71. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

In Sandin v. Conner, 515 U.S. 472, 480-84 (1995), the United States Supreme Court reiterated that the Wolff due process safeguards must be provided when the challenged disciplinary proceeding results in a loss of good-time credits. See also O'Bar v. Pinion, 953 F.2d 74-83-84 (4th Cir. 1991) (state-given right to good time credits creates a protected liberty interest). With these standards in mind, McRae's allegations shall be addressed.

    B.    Analysis

According to the unopposed record on March 17, 2010, Sergeants Moore and Marine conducted a shakedown of BBCF's Kent dormitory. A shank, or homemade knife, was found inside a right white tennis shoe, one of a pair, under a bunk. ECF No. 12, Ex. 1. A matter of record was written by Moore indicating that a weapon had been confiscated from a pair of tennis shoes under McRae's bunk.

---

[2]    Inmates have no right to confront adverse witnesses in institutional disciplinary proceedings. See Brown v. Braxton, 373 F.3d 501, 504-05 (4th Cir. 2004).

McRae received a notice of infraction that same day and the matter was referred to an Administrative Hearing Officer ("AHO"). McRae requested inmate representation and asked that Moore and Marine appear as witnesses. The disciplinary hearing was held on March 26, 2010. McRae was represented by a fellow inmate and waived presentation of designated witnesses. ECF No. 12, Ex. 1. McRae did not speak at the hearing; however, his representative indicated that the Kent dormitory was "open" and there was one tennis shoe, not two, under the bunk. Sgt. Marine testified by telephone that there was an "intelligence" shakedown and McRae did not need to be present because there were two officers. Another sergeant testified that the shoe with the shank "should have been confiscated." McRae's property had been inventoried in January 2010, and the incident happened in March 2010. The property sheet was produced.

The AHO found that Sgt. Moore's report and Sgt. Marine's testimony were reliable and credible. He also found that the fact that McRae had been given a choice of shoes he could keep did not work against the fact that a weapon had been found in his tennis shoe under his bunk. The AHO concluded that there was "sufficient descriptive evidence" to show that McRae had knowledge and control of his property and therefore was "in possession of the shank that was concealed in his shoe." McRae was found guilty of a Rule 105 violation. He was sanctioned with 120 days segregation, 60 days of cell restriction, and the revocation of 6 special project credits. BBCF Warden Koppel affirmed the AHO decision.

McRae was not sanctioned with the loss of good conduct credits. Due process was afforded to him respecting his adjustment proceeding under <u>Wolff</u>. There is no showing, much less allegation, the prison staff failed to provide him written notice of the infractions, the right to

4

call witnesses and present evidence, or an adjustment hearing.³ Moreover, the AHO guilty finding was clearly based upon the evidence presented at the hearing, i.e., adjustment report and officer testimony. The decision satisfies the "some evidence" standard under Hill.⁴

**III. Conclusion**

For the foregoing reasons, the Court will, by separate Order GRANT Defendant's Motion for Summary Judgment.

Dated this 10th day of December 2010.

/s/
_____
Benson Everett Legg
United States District Judge

---

³ A liberty interest may, however, be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Segregation is not per se cruel and unusual punishment. See Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir. 1984) (segregated protective custody); Ross v. Reed, 719 F.2d 689, 697 (4th Cir. 1983) (administrative segregation). Following the reasoning of the Supreme Court in Sandin, it appears that no liberty interest is implicated in placement on segregation. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997); Reffitt v. Nixon, 917 F. Supp. 409, 413 (E.D. Va. 1996).

⁴ The undersigned observes that McRae only named Defendant Filbert in the caption of his Supplemental Complaint. No allegations are raised against Filbert. Therefore, Filbert would be entitled to dismissal under Fed. R. Civ. P. 12(b)(6). Further, to the extent that McRae filed his Complaint against unnamed "officers," the Court finds that BBCF correctional officers complied with due process.